In re Richard Patrick KEANE, fdba Pat Keane Motors and Peggy Lee Keane, Debtors.

ADRIAN STATE BANK, Plaintiff,

v.

Richard Patrick KEANE, Defendant.

Bankruptcy No. 82–1165.
Related Case: 82–01550.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 15, 1984.

William T. Maloney, Toledo, Ohio, for plaintiff.

Donald T. Ciepichal, Toledo, Ohio, for defendant-debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Plaintiff in this adversary action. The parties have each submitted written argu-

ments regarding the merits of the Motion and the affidavits, documents, and transcripts upon which those arguments rely. They have also had the opportunity to respond to the arguments set forth by opposing counsel. The Court has reviewed these arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be DENIED.

## FACTS

Prior to the filing of his voluntary Chapter 7 Petition, the Debtor-Defendant was the owner-operator of Pat Keane Motors, a car dealership located in Adrian, Michigan. On or about September 19, 1980, the Debtor entered into an agreement with the Plaintiff, Adrian State Bank, whereby the Plaintiff would extend to the Debtor a line of credit upon which he could purchase vehicles from the manufacturer for resale. On or about June 16, 1981, through the renewal of an existing capital loan, the Plaintiff extended an additional sum of money to the Debtor for use in the general operations of the business. The Plaintiff also made several other smaller loans to the Debtor in apparently unrelated transactions. In return for these lines of credit the Plaintiff received a security interest in a variety of the Debtor's assets, including his inventory. The security agreement required that the Debtor submit monthly financial reports to the bank and that the reports include a listing of the vehicles remaining in his inventory. The agreement further called for the Debtor to pay the proceeds generated by each vehicle to the bank immediately upon consumation of a sale.

At some time during the course of the parties' relationship, the Plaintiff became aware of the fact that the Debtor had not been disclosing the sale of each vehicle in the monthly reports. Instead, the reports reflected as being in his possession vehicles that had, in fact, been sold. As a result of this disclosure and at the request of the Plaintiff, the Debtor voluntarily surren-

dered all of the vehicles which remained in his inventory, as well as all other assets that were subject to the security agreement. The Plaintiff then proceeded to liquidate those assets and apply the proceeds to the aggregate balance owed by the Debtor. The resulting deficiency amounted to One Hundred Seventeen Thousand Four Hundred Fifty-three and $^{59}/_{100}$ Dollars ($117,453.59).

On or about October 5, 1982, the Debtor was tried and convicted of certain offenses which stemmed from the out-of-trust sale of vehicles. During the course of that trial, testimony was taken as to how the Plaintiff discovered the out-of-trust sales. Testifying in his own behalf, the Debtor admitted that the reports submitted to the bank were false. On July 21, 1982, the Debtor filed his Petition with this Court. In that Petition he listed the Plaintiff as a creditor for the deficiency owing on the loans. Believing the debt to be nondischargeable as the result of the Debtor's previous conduct, the Plaintiff filed this adversary action.

## LAW

The Plaintiff's allegations of nondischargeability are based on the provisions of 11 U.S.C. § 523(a) which state in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive ..."

This provision excludes from discharge any debt that was created by or attendant to the use of a fraudulent financial statement.

In order to prevail in an action based upon this section, the plaintiff must demonstrate that the debtor 1) made a written representation respecting his financial condition, 2) that the representation was materially false, 3) that the document was issued with the intent to deceive, and 4) that the plaintiff reasonably relied on the representation. *Thorp Credit Inc. of Ohio v. Saunders (In re Saunders)*, 37 B.R. 766 (Bkcy.N.D.Ohio 1984), *W.C.T.A. Federal Credit Union v. Volpe (In re Volpe)*, 32 B.R. 314 (Bkcy.W. D.N.Y.1983). Each of the elements of this provision must be shown in order to have the debt held nondischargeable. *W.C.T.A. Federal Credit Union v. Volpe*, supra.

■ When ruling on a motion for summary judgment, it is well settled that the moving party has the burden of establishing that there are no issues of material fact and that they are entitled to judgment as a matter of law. *Todd v. Heekin*, 95 F.R.D. 184 (S.D.Ohio 1982). In doing so the movant may only rely on such evidence as would be admissible at trial. *General GMC Trucks, Inc. v. Mercury Freight Lines, Inc.*, 704 F.2d 1237 (11th Cir.1983), *Utility Control Corp. v. Prince William Const. Co., Inc.*, 558 F.2d 716 (4th Cir. 1977). Accordingly, hearsay evidence may not be considered by the Court when ruling on a motion for summary judgment. *Daily Press, Inc. v. United Press Intern*, 412 F.2d 126 (6th Cir.1969).

In the present case, a review of the record finds that the Plaintiff, in asserting its Motion, relies upon the admissions made by the Debtor in the criminal trial and upon the affidavit of a bank officer. Although the Plaintiff has also attached copies of the notes and other instruments which created the security interests, it has not submitted any of the reports that were filed with it by the Debtor.

In the affidavit the affiant states that he is an employee of the Plaintiff, that his information is based upon his review of the Bank's records, and that he has personal knowledge of the Bank's practices and procedures. In addition to recounting the history of the loans and the amounts due thereon, the affiant states that it was Bank policy to require monthly reports in any floor planning arrangement. He indicates that such reports are relied upon by the Bank for the continuation of a dealer's loan. He also states that a breach of these policies would result in the termination by the Bank of any further lending. The officer further states that in conformance with its policies, the Bank relied upon the Debtor's statements during the course of their relationship.

■ This testimony, while admissible for demonstrating the policies of the Plaintiff in floor planning arrangements, is inadmissible for showing actual reliance on the reports. Federal Rule of Evidence 801(c) states:

"(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

This affiant states that the reports reflect the Bank's actual reliance on the statements, presumably by the fact that the Bank loaned the Debtor money subsequent to his submission of a fraudulent report. However, these statements only reiterate that which is set forth in the documents. These documents are not presently before the Court and are being used by the Plaintiff to demonstrate that the bank did, in fact, rely upon them. Therefore, the statements would be hearsay and, under the provisions of Federal Rule of Evidence 802 which states:

"Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."

would not be admissible. The only probative value offered by the affidavit is to demonstrate the history of the loans and the policies of the Bank. It should be noted that the records themselves, although hearsay, may qualify for admission under Federal Rule of Evidence 803 in the event they are offered into evidence at a later time. It should also be noted that the

statements in the affidavit as to reliance, even if admissible, are insufficient evidence of actual reliance upon which to find that that element of 11 U.S.C. § 523(a)(2) existed.

■ With regards to the testimony that was offered in the criminal trial and presented to this Court by means of a transcript, Federal Rule of Evidence 804(b) states in pertinent part:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true."

Under this rule, only when a declarant is unavailable is former testimony or admissions against interest admissible. Federal Rule of Evidence 804(a) sets forth the standards by which unavailability is measured. However, there has been no showing that either the Debtor or any of the other witnesses at the previous trial are unavailable to give testimony in this proceeding. In view of the Debtor's objections as to the nature of evidence offered by the Plaintiff, this Court cannot consider the statements made in the transcript without some showing as to the unavailability of the prior witnesses.

Even if the Court were to hold that the statements made by the Debtor were admissible as an admission by a party opponent in accordance with Federal Rule of Evidence 801(d)(2), the nature and character of what was said in the criminal case is too uncertain for this Court to expose the Debtor to the consequences attendant to a finding of nondischargeability. This uncertainty is exacerbated by the absence of the reports filed by the Debtor and the absence of any testimony which specifically enumerates the discrepancies between the reports and the inventory. In addition, there has been no showing that the vehicles which are claimed to have been sold out-of-trust were, in fact, sold. Without such evidence, there is insufficient grounds upon which this Court can conclude that the reports were false or that the Debtor intended to deceive the Plaintiff.

■ On the basis of the foregoing analysis, it appears as though the only evidence before the Court is that contained in the affidavit which pertains to the policies of the Plaintiff and the existence of the notes, security agreements, and the obligations thereon. This evidence fails to demonstrate that all the elements of 11 U.S.C. § 523(a)(2) have been fulfilled. Although the Plaintiff may be able to present additional evidence at some later point in this proceeding, the immediate absence of sufficient evidence to support the requirements of this section requires this Court to conclude that the Plaintiff is not entitled to summary judgment.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for Summary Judgment be, and is hereby, DENIED.